IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERRYETT WOODS,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF EDUCATION,<br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:12-cv-1046-RJS<br><br>Judge Robert J. Shelby |

Before the court are *pro se* Plaintiff Terryett Woods' Motion to Appoint Counsel (Dkt. No. 4) and Motion for Service of Process (Dkt. No. 5). Woods moves for counsel and service of process for her Complaint (Dkt. No. 3) against the U.S. Department of Education. Woods asserts civil rights claims under 42 U.S.C. §§ 1983 and 1985. She alleges that the Department of Education engaged in fraud and forgery by deducting money from her social security checks from 2005 to 2012 to cover payments due under higher education loans for schooling Woods contends that she did not receive.

Woods represents that she did not attend Barclay College in St. Louis and completed only one semester at Marysville College in St. Louis, the schools where the educational loans accrued. Woods argues that the Department of Education fraudulently deducted approximately $100,000 from her social security checks. Woods notes that she wrote a letter to Barclay College

1

expressing her intention to stop attending after one semester.  Woods asserts that the school engaged in forgery by receiving checks from federal student loan programs, including Pell Grants, and depositing them into the school's account using Woods' social security numbers and student identification number without her permission.  Woods attaches to her Complaint various student loan ledgers and social security records.  She seeks a full refund from the Department of Education.

## I.  Legal Analysis

Before the court considers Plaintiffs' motions for service of process and appointment of counsel it must ensure that jurisdiction is proper.  Woods is proceeding *in forma pauperis*. Under the *in forma pauperis* statute the court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  Woods brings her complaint under 42 U.S.C. §§ 1983 and 1985, using a standard civil rights complaint form.  The federal government however has not consented to be sued under either section.  Consequently Woods' claims against the Department of Education fail as a matter of law.

The United States and its agencies may be sued only where Congress has waived sovereign immunity.  "Sovereign immunity is jurisdictional in nature."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *Id.*  Congress has not waived sovereign immunity for claims under 42 U.S.C. §§ 1983 and 1985.  *See, e.g.*, *Beals v. U.S. Dep't of Justice*, 460 F. App'x 773, 775 (10th Cir. 2012) (noting this lack of waiver and the general jurisdictional defect that "§ 1983 appli[es] only to actions by state and local entities, not by the federal government") (citing *Dry v.*

*United States*, 235 F.3d 1249, 1255 (10th Cir.2000)). "Therefore, the only proper defendants in a Section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). Because Congress has not waived sovereign immunity for federal agencies under 42 U.S.C. §§ 1983 and 1985, the court is without jurisdiction over Woods' claims against the Department of Education.

As Woods is proceeding *pro se* the court must liberally construe her Complaint. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Alternatively Woods could be attempting to bring her claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Bivens* creates a cause of action against federal actors analogous to 42 U.S.C. § 1983's cause of action against state actors. *Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009) (*Bivens* "is the federal analog to suits brought against state officials under . . . [42 U.S.C. 1983]"). But "*Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities . . . or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). Here Woods names only a federal agency. She names no individual agents or officers of the Department of Education acting in their individual capacities. Therefore any implied claims under *Bivens* also fail under Woods' Complaint as drafted.

## II. Conclusion

For the reasons stated above the court must dismiss this case. In dismissing the case the court passes no judgment on the merits of Woods' complaints. It is entirely possible that Woods may have viable claims to assert against parties not immune from suit, but her present Complaint names as Defendant an agency of the United States not subject to liability under 42 U.S.C. § §

1983 and 1985.  This case is HEREBY DISMISSED without prejudice.  Woods' motions (Dkt

Nos. 4 and 5) are TERMINATED.  The clerk of court is directed to close the case.

SO ORDERED this 29th day of July, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge